HOYER & HICKS
Richard A. Hoyer (SBN 151931)
rhoyer@hoyerlaw.com
Ryan L. Hicks (SBN 260284)
rhicks@hoyerlaw.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
*tel* (415) 766-3539
*fax* (415) 276-1738

Attorneys for Plaintiff
TERESA LANDUCCI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA LANDUCCI, on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br>     v.<br><br>FREEMAN EXPOSITIONS, LLC and DOES 1 to 100, inclusive,<br><br>                    Defendants. | Case No.  3:19-cv-07573-JCS<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br>**GRANTED AS MODIFIED**<br>Date:        February 4, 2022<br>Time:        9:30 a.m.<br>Courtroom:   Courtroom F – 15th Floor<br>Judge:       Chief Magistrate Judge<br>             Joseph C. Spero<br><br>**Final Approval Hearing:** Aug. 26, 2022<br>**Time: 9:30 a.m.**<br>**Via Zoom Webinar** |

**[PROPOSED] ORDER**

On November 18, 2019, Plaintiff initiated this putative class action by filing a lawsuit in United States District Court, Northern District of California. See Dkt. # 1 ("Compl."). Plaintiff brought claims against Defendant. See *id*. On November 2, 2020, Plaintiff filed the operative Second Amended Complaint ("SAC") bringing claims for: (1) unlawfully withheld wages resulting from the check cashing fees in violation of California Labor Code § 212; (2) resulting Waiting Time Penalties; and (3) unfair business practices in violation of the Unfair

[REVISED PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL                    1

Competition Law, Bus. and Profs. Code §§ 17200, *et seq.* ("UCL"). Plaintiff also asserts a claim for PAGA Penalties on behalf of the LWDA for violations of Labor Code § 212. The remaining causes of action were asserted on an individual basis by Plaintiff and have been resolved. (Dtk. # 46)[1]. On September 1, 2020, Defendant denied Plaintiff's allegations and asserted numerous affirmative defenses. See Dkt. # 47.

Following an extensive investigation and arms' length and good faith negotiations during a day long mediation with mediator Deborah Saxe, Esq. on June 22, 2021 and subsequent negotiations during the months thereafter, Plaintiff and Defendant (collectively "the Parties") ultimately agreed to a tentative settlement agreement in principle to resolve the Class and PAGA claims. Following further confirmatory discovery with third party Bank of America ("BofA"). The Parties subsequently signed a long form Settlement Agreement (as amended) which has been filed with this Court.

Plaintiff moves for this Court to:
1. Preliminarily approve the Class Action and PAGA Settlement for $500,000;
2. Preliminarily and conditionally certify the class for purposes of settlement;
3. Preliminarily appoint Plaintiff Teresa Landucci as class representative for purposes of settlement;
4. Preliminarily appoint Hoyer & Hicks as class counsel for purposes of settlement;
5. Approve as to form and content the Proposed Notice Packet;
6. Direct that the Notice Packet be mailed to the Settlement Class Members; and
7. Schedule a fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class.

---

[1] Plaintiff also asserted individual claims of sex discrimination, sexual harassment, and retaliation in violation of the Fair Employment and Housing Act and Labor Code § 1102.5. The individual claims were the subject of a separate settlement agreement reached after the Parties agreed in principle to resolve the Class and PAGA claims.

Plaintiff's preliminary approval motion came on regularly for hearing before this Court on February 4, 2022. The Court ordered the Parties to make certain modifications to the Settlement papers.

The Court, having received and fully considered Plaintiff's notices, motion and memorandum of points and authorities, the Settlement (as amended), the proposed Settlement Documents, which include the revised Notices of Class Action Settlement, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class-action settlement and to conduct a fairness hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Amended Joint Stipulation of Class and Representative Action Settlement (hereinafter "Stipulation" or "Settlement") executed by the Parties and filed with this Court.

2. The Court finds that certification of the following class for purposes of settlement is appropriate: All individuals who were employed by Freeman in California as non-exempt/hourly employees and who received paper paychecks from Freeman and against whom Bank of America assessed a non-customer check cashing fee when cashing at least one such paper paycheck at any time between November 18, 2015 and the date of Preliminary Approval of this Settlement Agreement by the Court.

3. The Court appoints Plaintiff Teresa Landucci as class representative for the purposes of settlement.

4. The Court appoints Hoyer & Hicks as class counsel for the purposes of settlement.

5. Federal Rule of Civil Procedure (23(e) requires court approval of a class action settlement. Approval is a two-step process under Rule 23(e). "[T]he Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Noll v. eBay, Inc.,*

309 F.R.D. 593, 602 (N.D. Cal. 2015)(internal citations omitted); see also Manual for Complex Litigation (Fourth) § 21.632 (courts "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.").

Preliminary approval of a settlement is appropriate when the settlement: (1) falls within the range of possible approval; (2) appears to be the product of serious, informed, non-collusive negotiations; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) has no obvious deficiencies. In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). "Closer scrutiny is reserved for the final approval hearing." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878, at *24 (N.D. Cal. Apr. 29, 2011).

6. The Court has reviewed the Settlement and proposed Notice Packet, which were separately lodged and are incorporated herein by reference. The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the settlement amount is fair and reasonable to all potential class members when balanced against the probable outcome of further litigation relating to liability and damages issues. Plaintiff has asserted violations of California labor and unfair competition laws. Defendant agrees to a class settlement in the interest of compromising and resolving the Class Action. The Parties recognize the risk involved in prosecuting and defending the Class Action including significant delay, defenses asserted by Defendant, and further potential appellate issues.

7. It further appears that the proposed Settlement has been reached as the result of intensive, serious and non-collusive arm's-length negotiations. It further appears that extensive investigation and research has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. Class Counsel have significant experience in wage and hour class actions. The proposed Settlement was reached

[REVISED PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL        4

1  through extensive negotiations and with the involvement of an experienced mediator, Deborah Saxe.

2  8.  It further appears that the proposed Settlement does not improperly grant preferential treatment to the class representative and has no obvious deficiencies.

9.  In connection with its preliminary approval of the Settlement, the Court appoints Simpluris, Inc. of Santa Ana, CA, to act as the Settlement Administrator who will administer the Settlement according to the terms of the Stipulation, as approved by this Court.

**APPROVAL OF DISTRIBUTION OF THE NOTICE OF THE SETTLEMENT**

10.  Rule 23(e) provides that a court "must direct notice in a reasonable manner to all class members who would be bound by" a proposed class action settlement. Fed. R. Civ. Pro. 23(e)(1).  This Court finds the proposed Notice Packet, ~~which is attached hereto as Exhibits __~~, fairly and adequately advises the potential class members of the terms of the proposed Settlement, as well as the right of class members to opt out of the class, to file documentation in objection to the proposed Settlement, and to appear at the Final Approval Hearing to be conducted at the date set forth below. The Court further finds that the Notice Packet and proposed distribution of such notice by first-class mail to each identified class member at his or her last known address comports with all constitutional requirements, including those of due process. **The parties shall add the date and time of the final approval hearing to the notice.**

11.  Accordingly and good cause appearing, the Court hereby approves the proposed Notice Packet and orders the Settlement Administrator to distribute the Notice Packet in the manner and pursuant to the procedures described in the Settlement.

12.  If more than ten percent (10%) of the Settlement Class submits timely and valid requests for exclusion pursuant to the terms and procedures of the Settlement, this entire Settlement shall become voidable and unenforceable as to Plaintiff and Defendant, at Defendant's sole discretion. Defendant may exercise such option by giving notice, in writing, to Class Counsel and to the Court not more than seventeen (17) days following the Response Deadline.

13. The Parties have proposed and the Court hereby appoints as *cy pres* beneficiary of any uncashed funds, The Impact Fund.

**FINAL APPROVAL/FAIRNESS HEARING AND SCHEDULE**

14. The Court hereby grants the Plaintiff's motion to set a fairness hearing for final approval of the Settlement ("Final Approval/Fairness Hearing") and orders the following schedule of dates for further proceedings:

   a. Mailing of Notice Packet to the class shall be completed on or before **May 11, 2022**,

   b. Posting of Plaintiff's Motion for Attorney's Fees and Costs on the Settlement Administrator's website and **filing that motion in the Court's ECF Docket**, 35 days prior to the Response Deadline; and

   c. The deadline for class members to file and submit written objections and requests for exclusion shall be **July 11, 2022** (60 Days After Mailing Date).

15. The Final Approval/Fairness Hearing will be held on **Aug. 26, 2022**, at 9:30 a.m. Class Members may attend the hearing via Zoom. Instructions are provided by the Court at: https://www.cand.uscourts.gov/judges/spero-joseph-c-jcs/. Members of the class may appear and present objections at the Final Approval/Fairness Hearing in person or by counsel.

16. Plaintiff shall file a Motion for Final Approval no later than 14 days prior to the hearing.

17. The Court expressly reserves the right to adjourn or to continue the Final Approval/Fairness Hearing without further notice to class members, except that notice of a continuance shall be provided to all class members who submit a proper objection.

18. IT IS FURTHER ORDERED that, if for any reason the Court does not grant final approval of the Settlement, or the Settlement otherwise does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation and all evidence and proceedings held in connection with the Settlement

shall be without prejudice to the status quo ante rights of the Parties to the Class Action as more specifically set forth in the Settlement.

**IT IS SO ORDERED**.

Date: April 6, 2022



_____
HON.
CHIEF MAGISTRATE JUDGE