HOYER & HICKS
Richard A. Hoyer (SBN 151931)
rhoyer@hoyerlaw.com
Ryan L. Hicks (SBN 260284)
rhicks@hoyerlaw.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
*tel* (415) 766-3539
*fax* (415) 276-1738

Attorneys for Plaintiff
TERESA LANDUCCI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA LANDUCCI, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br>FREEMAN EXPOSITIONS, LLC and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:19−cv−07573−JCS<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**<br><br>Date: August 26, 2022<br>Time: 9:30 a.m. (via zoom)<br>Judge: Chief Magistrate Judge Joseph C. Spero |

## **[PROPOSED] ORDER**

Plaintiff's Motion for Final Approval of Settlement Agreement came on for hearing on August 26, 2022. The Court, having considered whether to order final approval of the class action settlement in the above-captioned action pursuant to the "AMENDED JOINT STIPULATION OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT" ("Settlement" or "Stipulation"), having read and considered all of the papers and argument of the parties and their counsel, having granted preliminary approval on April 6, 2022, having directed that notice be given to all Class Members of preliminary approval of the Settlement, the final approval and fairness hearing, and the right to be excluded from the Settlement, and having received no objections and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. All defined terms contained herein shall have the same meaning as set forth in the Stipulation executed by the Parties and filed with this Court.

2. The Court finds that certification of the following Class is appropriate for settlement purposes:

> All persons who received a physical paycheck from Defendant in California and were assessed a check cashing fee by BOFA when attempting to cash such a paycheck at any time during the period from November 18, 2015 through April 6, 2022.

3. The Court hereby finds that the Notice of Settlement, as mailed to all Class Members on May 11, 2022, and the Corrected Notice of Settlement, as mailed to all Class Members on May 27, 2022, fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Settlement; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws.

4. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this Order of Final Approval and the Judgment.

5. The Court hereby finds that the Settlement, including the Gross Settlement Amount, is fair, reasonable, and adequate as to the Class, Plaintiff and Defendant, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement is consistent with public policy, and fully complies with all applicable provisions of law. The Court makes this finding based on a weighing of the strength of Plaintiff's claims and Defendant's defenses with the risk, expense, complexity, and duration of further litigation.

[PROPOSED] ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, AND SERVICE AWARD.   2

6. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigations. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts paid in settlement, the allocation of the Net Settlement Fund among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability after appeal. The Court also finds that the terms of the Settlement do not improperly grant preferential treatment to any individual Class Member.

7. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, no Class Member has objected to the Settlement, and none have opted out. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003).

8. The Court also hereby finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Fed. R. Civ. P. 23, for the reasons stated in the Motion for Final Approval.

9. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

10. The Court approves the plan of allocation as set forth in the Stipulation.

11. The Court approves the settlement of the Released Claims as defined in the Settlement.

12. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, including Plaintiff, are and shall be deemed to be conclusively released as against the Defendant and other Released Parties. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of the Order of Final Approval and the Judgment who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting

any of the Released Claims, either directly, representatively or in any other capacity, against Defendant and other Released Parties.

13. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released PAGA Claims, including Plaintiff's, are and shall be deemed to be conclusively released as against the Defendant and other Released Parties.

14. As of the Effective Date of the Settlement, as defined in the Settlement, all of the claims of the Named Plaintiff are and shall be deemed to be conclusively generally released against the Defendant and other Released Parties. Except as to such rights or claims that may be created by the Settlement, Plaintiff as of the date of the Order of Final Approval and the Judgment is hereby forever barred and enjoined from commencing or prosecuting any of the generally released claims, either directly, representatively or in any other capacity, against Defendant and other Released Parties.

15. Class Counsel, Hoyer & Hicks, are confirmed and shall continue to serve as Class Counsel and shall oversee and perform the duties necessary to effectuate the Settlement, including the submission to the Court of the Settlement Administrator's final distribution report, as well as all papers necessary to allow this Court to evaluate the claims process and distribution of the Settlement Fund to Class Members.

16. Plaintiff's Counsel is awarded attorney's fees in the amount of $166,666.67. The foregoing award is 33.33% of the Settlement Fund of $500,000. Plaintiff's Counsel is further awarded reimbursement of reasonable costs and expenses necessarily incurred in order to advance the litigation for the benefit the class in this matter in the amount of $10,376.12. These awards shall be paid from the Settlement Fund.

17. In determining an award of attorney's fees where the class action settlement establishes a common fund for the benefit of the class out of which the attorney's fee is awarded, courts have adopted the percentage of fee calculation. *Laffitte v. Robert Half Internat.*, Inc., 1 Cal. 5th 480, 493-94 (2016). The Court finds that a fee award of one-third of the Gross Settlement Amount, and upward adjustment to the Ninth Circuit 25% benchmark is

appropriate in light of the factors to be considered, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases. *See Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013)(*citing Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

18. In addition, the Court finds the fee award reasonable under the lodestar cross-check method, considering Class Counsel are seeking a negative multiplier to their lodestar as of June 2022. *Laffitte*, 1 Cal.5th at 506; *Vizcaino*, 290 F.3d at 1043. In so finding, the Court has considered a variety of factors, including "the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Lealao v. Beneficial Cal., Inc.*, 82 Cal.App.4th 19, 26 (2000); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

19. Plaintiff Teresa Landucci is confirmed as Class Representative. The Class Representative is awarded a service award in the amount of $10,000. This payment shall be made from the Settlement Fund and is in addition to her share as a Class Member.

20. Administrative Costs in the amount of $18,000 from the Settlement Fund to be paid to the Settlement Administrator Simpluris, Inc., are approved. Class Counsel are directed to pay the remaining $500 incurred by the Administrator in mailing the corrected notices.

21. The Court allocates Seventy-Five Thousand dollars ($75,000) of the Settlement Fund to penalties under the Private Attorneys General Act ("PAGA"), with seventy-five percent (75%) of the PAGA penalties, Fifty-six Thousand Two Hundred Fifty dollars ($56,250.00), to be paid to the California Labor and Workforce Development Agency ("LWDA") and twenty-five percent (25%) of the PAGA penalties, Eighteen Thousand Seven Hundred Fifty dollars ($18,750.00) to be paid to the PAGA Members.

22. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, in connection with the above-captioned action except as provided in the Settlement.

23. The Settlement is not an admission by Defendant, nor is this Final Approval Order and Judgment a finding of the validity of any claims in the Action or of any wrongdoing by Defendant or that this Action is appropriate for class treatment (other than for settlement purposes). Neither this Final Approval Order or the Judgment, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant. Notwithstanding these restrictions, Defendant and other Released Parties may file in the Action or in any other proceeding this Final Approval Order and Judgment, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

24. Notice of entry of this Final Approval Order and the Judgment shall be given to all Parties by Class Counsel on behalf of Plaintiff and all Class Members. The Final Approval Order and Judgment shall be posted on the Settlement Administrator's website. It shall not be necessary to send notice of this Final Approval Order and entry of Judgment to individual Class Members.

25. Within 21 days after the settlement checks become stale, Plaintiff shall file a Post-Distribution Accounting, which provides the following information:

26. The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to class members, the method(s) of notice and the method(s) of

[PROPOSED] ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, AND SERVICE AWARD. 6

payment to class members, the number and value of checks not cashed, the amounts distributed to each *cy pres* recipient,[1] the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any. Counsel will summarize this information in an easy-to-read chart that allows for quick comparisons with other cases.

27. Within 21 days after the settlement checks become stale, the Administrator shall post the Post-Distribution Accounting, including the easy-to-read chart, on the settlement website.

28. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, then this Final Approval Order and the Judgment, and all orders entered in connection herewith, shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement, and expressly reserve their respective rights regarding the prosecution and defense of this Action, including all available defenses and affirmative defenses, and arguments that any claim in the Action could not be certified as a class action and/or managed as a representative action.

29. Without affecting the finality of the Order of Final Approval or the Judgment, the Court retains exclusive and continuing jurisdiction over the case, Plaintiff, all Class Members and Defendant for purposes of supervising, implementing, interpreting and enforcing the Order of Final Approval and the Judgment and the Settlement. Nothing in the Order of Final Approval precludes any action to enforce the Parties' obligations under the Settlement or under this Order of Final Approval.

IT IS SO ORDERED.

---

[1] The Court hereby approves the Parties request to designate The Impact Fund as the cy pres beneficiary to any residue from this Settlement.

Date: _____

                                                Hon. Joseph C. Spero
                                                U.S. Chief Magistrate Judge