UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA LANDUCCI,<br><br>Plaintiff,<br><br>v.<br><br>FREEMAN EXPOSITIONS, LLC, et al.,<br><br>Defendants. | Case No. 19-cv-07573-JCS<br><br>**ORDER REGARDING ERROR IN CALCULATING MEDIAN**<br><br>Re: Dkt. No. 97 |

The Court previously ordered the parties to further explain the settlement administrator's calculation of a $39.99 mean payment to class members and a $218.00 median payment to class members. *See* dkt. 96.

In a joint statement filed in response to that order, the parties report that each Rule 23 settlement class member received a fixed payment of $218.00, each PAGA beneficiary received a fixed payment of $3.38, and individuals who were members of both groups therefore received $221.38. Joint Statement (dkt. 97) at 2. The parties explain that in calculating the mean, "the administrator took the total amount of payments and divided that amount by the total number of individuals receiving payments," *id.*, which is a procedurally sound method of determining that value.

As for the median, however, the parties report that "[s]ince there were only three payment amounts ($3.38, $218.00, and $221.38), the median payment was $218.00." *Id.* That explanation reflects a misunderstanding of the nature of a median. The parties are correct that the "[m]edian refers to the midpoint of payments," *id.*, but it refers to the midpoint of the set of *all* payments, not of the three unique values in that set. *See* Oxford English Dictionary, "Median," https://www.oed.com/view/Entry/115646, (definition 3, pertaining to statistics: "A quantity, term,

or value that is the midpoint of a set of values, such that the variable has an equal probability of falling above or below it; the middle term of a discrete series arranged in order of magnitude (or, if there is no middle term, the mean of the middle two terms)"). Since more than half of the payments in this case were for $3.38, if all payments were listed in order of magnitude, the payment at the midpoint would be for $3.38, which is the median. *See generally* James T. McClave et al., *Statistics for Business and Economics* 65–67 (14th ed. 2022) (providing a sample calculation where a dataset includes two identical values, which are listed separately).

Because the true value of the median is apparent from the record, no further filings are necessary to correct this error. The settlement administrator and counsel for both parties are admonished to be mindful of this issue in future cases.

**IT IS SO ORDERED.**

Dated: January 17, 2023

JOSEPH C. SPERO
Chief Magistrate